LITTLE *et al.* v. BASKIN *et al.*

HOLDEN, J. Upon an application made under the Political Code, § 520, for the establishment of a new road, the ordinary appointed three road commissioners, who made their report, under oath, to the ordinary, that they found the proposed road to be one of public utility, and that they had "laid out and marked the same conformably to law." Objections were filed by certain persons, as citizens and taxpayers of the county, to the establishment of the road. One of the grounds of the objections was, "Because there is no sufficient description of the location of said proposed road in the petition and proceedings for its establishment." Upon a hearing of the matter the ordinary passed an order establishing the new road. To this order the plaintiffs in error sued out a writ of certiorari to the superior court, and to the overruling of the certiorari the plaintiffs in error excepted. *Held:*

1. In the application for the establishment of the new road, and citations published and notices given, and in the order of the ordinary granting the application, such road was described as follows: "Commencing at the city limits in the Southern part of the City of Bremen, run a Southward direction to the old John Hardman place about a mile south of Bremen, thence on Southward to the Waco and Mandeville public road, intersecting said road at or near the old R. C. Price place; thence in a Southwesterly direction to the Bowden and Waco public road, intersecting said road just South of Negro Church about ¾ mile South of Waco." The report of the commissioners designated the road marked and laid out by them as the one referred to in the application, but contained no other description of or reference to a road. This description was too vague and uncertain to found a valid judgment thereon establishing a new road, and the ordinary erred in not sustaining the motion of the plaintiffs in error to dismiss the application on the ground that the record disclosed an insufficient description of the road proposed to be

established.  *Green* v. *Road Board Bibb County*, 126 *Ga.* 693 (55 S. E. 914).

(*a*)  This motion should have been sustained, though not made until the conclusion of the evidence offered by the applicants.

(*b*)  The petition for certiorari and the answer of the ordinary showing that the motion referred to was made as above stated, and the petition for certiorari having assigned error on the overruling of this motion, the trial judge erred in overruling the certiorari.

2.  The bill of exceptions, naming "F. A. Little, W. W. Heaton, et al.," as plaintiffs in error, could be amended in this court by making those, other than the two above named, who filed objections to the granting of the application parties to the bill of exceptions as plaintiffs in error, their names appearing in the record as such objectors.

3.  After the application for the establishment of the new road was filed, the road commissioners appointed, and their report filed, there was filed in the office of the ordinary a communication addressed to him, stating that the new road "was a public convenience and of much public utility," and asking him "to adopt and make said road a public road at the earliest possible moment," and signed by citizens of the county other than those signing the original application. The signers of this communication were not parties to the case, no order having been taken making them parties, and the writ of error will not be dismissed because they were not made parties to the bill of exceptions.

*Judgment reversed.  All the Justices concur.*

FEBRUARY 24, 1911.

Certiorari.  Before Judge Edwards.  Haralson superior court. September 18, 1909.

*J. M. & H. J. McBride,* for plaintiffs in error.
*Griffith & Matthews,* contra.